really worked to death and that should not have happened. And there are three potential explanations for why that occurred that entitle his parents to seek redress outside of the statutory framework of the Missouri Workers' Compensation Act. The first is that he was bullied into continuing to work despite displaying evidence of symptoms of heat exhaustion by his supervisor and co-employee Jeffrey Richardson. Mr. Richardson was dismissed by Judge Limbaugh in this case as being fraudulently joined, relying solely on the Peters decision to state that the allegations in Plaintiff's petition were only those that related to a non-delegable duty to provide a safe workplace by the employer. The Peters decision as well as Parr and McCombs and the progeny there under are limited to those decisions that address 287.120.1 prior to the 2012 amendment. There has been a case that has addressed co-employee liability for injuries that apply subsequent to the 2012 amendment and that is Brock v. Dunn. That case is a non-entity though at this moment. It is not a decision because it's before the Supreme Court. You're right. And so we do not know what is going to happen. Correct. And therefore that is a colorable basis for a claim which under Knudson, the 8th Circuit decision that Judge Limbaugh should have relied on, should have said we don't know whether there might be a claim or not and under the Knudson threshold for fraudulent joinder, this might result in liability. Now help me about why the three 2018 cases though aren't relevant. You think they're not relevant? Well Fowler held that a co-employee would be liable. So Fowler would be liable. I'm talking about Connor, McComb and Fogarty are the first three names I have of those three cases you're familiar with. Am I bad? Yes. So Connor, I mean those injuries though I don't believe apply to the 2012 act. I may be mistaken about that but I think that those cases, the Supreme Court of Missouri. No the injuries did occur between 2005 and 2012 in those cases. Go ahead. And so therefore we are still awaiting guidance from the Missouri Supreme Court and as your honor will remember from his days on the court way back, co-employee liability has been a wrestling match, ongoing and a disputed area of law for lo these many decades. But something more has always been required. That goes back decades and decades. That's right. There's got to be something more. And so under the allegations and the facts that existed at this very preliminary stage. Now understand Jeff Richardson was dismissed from this case before a lick of discovery had been done because it went up on our, he was determined to be fraudulent joined and our motion to remand was denied. And so the appropriate measure that Judge Limbaugh should have said is we don't know what's going to play out here. We don't know how the Missouri Supreme Court is going to address post 2012 amendments to the co-employee exemption from immunity. Those situations being when they engage in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury. And ordering a three day employee who is morbidly obese and displaying symptoms of heat exhaustion to continue working or effectively be fired, forcing them to quit is the type of conduct that is colorable under the civil law. And so that is outside the workers compensation statutory remedy and that's why Mr. Richardson was central to the controversy. Whereas the standard for fraudulent joinder requires that they be a stranger and have no connection to the controversy. Another thing that I need you to address is this case is actually before an administrative law judge, is that correct? In the Department of Labor, correct? Currently. Because Judge Limbaugh ordered us through the looking glass into an administrative hearing asserting a claim that effectively says we do not belong here. Which I think is unprecedented in my experience. Anytime I've come to court it's because I feel I belong there. My clients belong there. And so instead I'm now forced to take the position in the Division of Workers Compensation that we do not belong there. And that is the position that we've taken and is currently on appeal before the Division of Labor and Industrial Relations. Is it before the commission yet? It is on appeal to the commission. On appeal to the commission. Has the commission set a date? It has not. It's a set of briefing schedule and it is ordered to transcript. So that is the current status of that proceeding. And so I think that that is a testimony to why Townsend Tree, the plaintiff's employer's jurisdiction was before Judge Limbaugh and his jurisdictional ruling was also in error. Under McCracken, the obligation is on the defendant to both plead and prove the affirmative defense of immunity as a result of the workers compensation exclusive remedy. And that never took place. Again, that never, that we never got to that point because Judge Limbaugh incorrectly said I don't have jurisdiction to hear that. When in fact that's exactly what would happen in any state court had the case been remanded or remained in Butler County. Every state court judge would hear a motion to dismiss which would be overruled and then hear a motion for summary judgment which is exactly the procedural mechanism by which the affirmative defense is presented to the court as a matter of law. And that didn't get to happen because Judge Limbaugh incorrectly ruled that he did not have jurisdiction. Counsel tell me more about what was before the district court concerning the allegation that Richardson disabled the truck air conditioning. Yes, so that was the allegation again against Mr. Richardson at the time he was improvidently dismissed from the case. We had that on information and belief from other co-workers and so that was included in the petition at that time. Do we know from the record whether all of the trucks lacked air conditioning or whether there was one that was disabled? I don't think we're able to say at this juncture. We did depose Mr. Richardson and his deposition was taken but he's a supervisory employee. He can't speak to Townsend's equipment. So it's unclear I think at this juncture based on the record before the court whether or not it ever existed or it existed and he disabled it. All of which would be evidentiary on the co-employee liability. And so we've alleged facts in our petition once again that were jurisdictional as to Townsend Tree's civil liability because as Missouri courts have consistently held because the Division of Workers' Compensation is an immunity. It is in derogation of the common law of liability for negligent employers. It is strictly construed and once again the statute was amended to exclude injuries or deaths that are directly or indirectly caused by an idiopathic condition and that is precisely what we pled and unfortunately because of that we've never reached either. And so even if the court, isn't this jurisdictional thing really not much of an issue? No. This should have been an affirmative defense by the employer. That's right. But the court's got to hear that. But you get to the same result. I don't think so, Your Honor, and here's why. Because their obligation is to plead and prove that comp does apply. We have multiple arguments based on the facts that are now developed as to why in fact their affirmative defense should be overcome. They include the fact that all the experts, including the defendants expert, has testified that Tyler's death was a result of a cumulative dehydration over the three-day period. The worker's compensation remedy is limited to accidents that occur within a single work shift. We pled and proved that Tyler Halsey was morbidly obese. He had a body mass index of 45. He wasn't just overweight. He was morbidly obese and we do not know and no expert has testified as to why his condition existed. We don't know if it was a metabolic congenital disorder. We don't know why he was in that condition. But we do know that under the clear meaning of the statute, idiopathic as determined by the Taylor case and the underlying court, being innate to the individual, particular to his condition, and certainly then since Tyler Halsey was the only Townsend employee working in all of southwest Missouri under these heat circumstances to sustain even medical treatment, much less of casualty, that the testimony by the treating emergency room physicians was that his hypothermia was in fact exacerbated by his morbid obesity. The insulating layers of the fat do not allow an individual of Tyler's makeup to deal with and to perspire and to reduce the internal body temperature below a hypothermic state. And so for those reasons as well as the liability of Townsend Corporation, the holding company, who took upon itself to provide safety policies to not just Townsend but to all 11 of its policies, Judge Limbalis will incorrectly dismiss them as a matter of law since there is a claim stated against them and they do owe a duty to Tyler Halsey under 324A of the restatement, both subparts B and C. And he incorrectly ruled that because under subpart B, you need not supplant the entire duty to provide a safe workplace. You draw the Venn diagram around what the services were that were provided. They provided a safety policy because Townsend tree has no safety department. As it relates to subparagraph C, Judge Limbalis incorrectly ruled that there was no element of reliance, but it's clear under the comments in illustrations 4 and 5 of the restatement that reliance can be either on behalf of the employer or in this case the deceit. And so I'll reserve the remaining time, Your Honor, if I may. You may. I doubt that I've exceeded my previous law. You may. Mr. Coughlin is going first. Correct, Your Honor. Proceed. George Coughlin on behalf of defendants Townsend Corporation and Townsend Tree Company. I'll begin with the original statement that the employee was the employer and was sued, and the allegation was that they could do this because the deceit was supposedly obese, which we don't deny, and that his obesity qualified for an exemption under the Missouri Workers Compact. That exemption states that, quote, an injury resulting directly or indirectly from an idiopathic cause is not compensable under the Act. Judge Limbal asked the parties to brief this issue of who had jurisdiction or who should decide this issue of idiopathic. Mr. Presley's firm admitted that the question of whether or not he did have an idiopathic condition was a fact question, that he admitted that. In fact, in the district court, they actually admitted that that question, if there's a fact question, it has to be decided by the commission. Now, they've taken a different position on appeal. Judge Limbal said it does raise a fact question, and citing cases post-McCracken held that he should invoke the primary jurisdiction doctrine and that this decision should be made, this idiopathic decision should be made by the commission. So he dismissed the claim without prejudice to filing a workers' complaint, which was then filed. That workers' complaint was tried to Judge Maureen Tilley in Poplar Bluff in April. Mr. Presley and I were the witnesses. Judge Tilley rendered a 14-page opinion on July 31 holding that the claim was fully covered by workers' comp, that the obesity condition was not idiopathic, and that he wasn't, that Mr. Halsey was entitled to no relief because the only relief he was entitled to, funeral expenses and medical expenses, had been voluntarily paid back in 2016 by his employer. So as to their appeal as to Townsend Tree, number one, I don't think the order that Judge Limbal entered is appealable. Number two, even if it was appealable, I believe that the appeal as to Townsend Tree is not viable because the ruling by Judge Tilley is res on this court. He has determined, Judge Tilley, she has determined that the idiopathic condition did not exist and made a factual ruling. That is binding on this court, I believe. Until the LARC speaks, until the Labor Industrial Relations Commission speaks. That's right. But right now, I think that really is what you've got on this court. And finally, Mr. Presley made the argument in his brief, which I found strange. He said that the primary jurisdiction doctrine had somehow been eliminated in Missouri by the McCracken decision, which is not true. All the McCracken decision said was, if you want to invoke workers' comp jurisdiction, you've got to plead it, which we did, of course, in our answer. And that's undisputed. The primary jurisdiction doctrine is still alive and well, and there are many cases, we've cited cases, as did Judge Limbal, in his decision, cases that state that the primary jurisdiction doctrine is still alive and well in Missouri. Generally it's whether they're an employee as a matter of law or whether it's a factual issue, right? Say that again, Your Honor. Generally it's whether they're an employee as a matter of law versus whether it's a factual issue, right? That's absolutely correct. Okay, proceed. In fact, if the question of primary jurisdiction that was in front of Judge Limbal was a question of law, he could have ruled it. The Missouri Supreme Court has held that. But questions of fact, the Missouri courts have held, Missouri Supreme Court, appellate courts, all of them, that issue has got to be decided by the commission. And it's been decided. And the commission decided it has jurisdiction. And that's binding on this court, I believe. Let's talk about the summary judgment ruling in favor of Townsend Corp. Plaintiffs alleged in their complaint, their last complaint, that Townsend Corp., the parent company of Halsey, did not provide adequate safety policies and procedures. That's what they alleged in their complaint. Counsel, let me ask you about that. If I understood counsel for the Halseys correctly, their position is that they did not have completely subsumed that duty. Is that a correct statement of the law under 324A? That is not, you have to, in order to state a claim under 324A B, subsection B, which they did, you have to allege and prove that the, in this case, Townsend Corporation, had completely taken over the whole role and subsumed and completely taken over the issue of providing safety services. The record is undisputed in this case that Townsend Corp., all they did was make recommendations and provide consulting services. We filed a, there's a lengthy affidavit that was filed by the senior vice president. It was never rebutted. The evidence as to this issue is unrebutted. There is, the Townsend Corp. made recommendations to Townsend Tree. Townsend Tree would consider them and they would adopt them, they would execute them, or they would reject them. But that was, they were the ones who maintained complete control over the, over the enforcement and execution of those policies. Townsend Corporation had nothing to do with the work environment surrounding this decedent. That was all controlled by Townsend Tree and Townsend Tree employees. And finally, I will, the plaintiff's counsel makes an argument that he tries to say that even though they didn't plead it, they want the court to consider the reliance issue under 324C. Well, even if you believe that that is applicable, they haven't satisfied that condition. If you'll, the restatement has got two examples for, under subsection C. The one example was an elevator inspection where a company engaged another company to inspect an elevator. They made a negligent inspection and somebody was injured on the elevator. Counsel, you need to conclude. Thank you. Thank you. Then we're to Ms. Young. Good morning, Your Honors. May it please the court. So, I'm here for Defendant Richardson and so I'm talking to you today just about the co-employee liability issue. I would start off by saying that under the new statute, there are now two different things that have to be satisfied. Under the new statute that was enacted in 2012, it added the potential for immunity for a release for employees so long as they met the standard in that statute. Even if you make it through that immunity, you still have to prove common law elements of duty. That's the bulk of what we talked about. That's what Judge Limbaugh talked about in his order. It would be under the common law duty analysis that I would say that all of the cases that Judge Limbaugh cited on, as well as the progeny, Judge Benton, that there is nothing to say that the statute abrogated any of that common law. In fact, under Missouri law, it's commonly understood that the legislature is expected to understand the case law that is out there and the writing of new statutes, the amendments of old statutes are considered to be undertaken in that context. Counsel, does that include the concept of transitory risk creation under Missouri law? Right. Under the Peters decision first, and then as well as some of the later decisions, there's this question of what is the transitory risk. It is a temporal element that has been injected into the something more test. It's something that the Supreme Court is trying to grapple with, particularly on the supervisory front. In the Peters question, it came up in this way. We said, this is a supervisor. The fact that this supervisor is the one who promulgated the safety rules doesn't necessarily mean that the supervisor was not performing the non-deliberate duties of the employer when he did so. In that case, because it was an established course of action that the employee was undertaking, the supervisor ordering the employee to do the actions in the way it did, that because that was their normal course, this temporal element was missing. In fact, the employer had the responsibility to catch when a supervisor was doing something incorrectly. If a supervisor decided to do something in an unsafe manner, it doesn't relieve the employer of the non-deliberate duty to ensure that there is a safe workplace. In fact, the employer is still responsible for ensuring that the supervisors are well trained, for ensuring that supervisors are carrying out their safety regulations in the way that they anticipate that they would do so. Counsel, what about the truck air conditioning? Was there enough pled here for the district court to make a determination that there was jurisdiction? I think that the feelings here were insufficient on a couple of fronts. Number one, we did have the declaration from Mr. Richardson that in fact he had not tampered with the air conditioning. It's my understanding the record develops such that the truck simply didn't have air conditioning. The other thing that I would say is even if you say the provision of that air conditioning, the only reason it can matter in this case is if that was necessary because that was the way that these employees were expected to cool off. In other words, you're saying that you'd have to say that the employer was responsible for providing an air conditioned environment for the employees to cool off as a matter of law. If you were to make that determination, in fact that's a nondelible duty that would actually rest on the employer. Even if you say that there's a possibility, which again we just don't think is borne out by anything in the record, that there was tampering with the air conditioning, it would be the duty of the employer to actually not even just check for tampering, but check for whether or not it just was malfunctioning that day. If again, it is their nondelible duty to ensure that there is an air conditioned place for the employees to cool off, then their carrying out that duty through their supervisors doesn't then relieve them of that nondelible duty because of the fact that it's a nondelible duty. I think that one of the most telling things in this case is the fact that both the employer and the employee are charged with the same counts of negligence. The same actions that the supervisor is alleged to have committed negligence are the same actions that the employer. Every time when we see that in petitions, it always points to the fact that they're trying to tag the supervisor with the employer's to take that nondelible duty and have it flow down through the supervisor. All of the case law in Missouri says that you can't do that. The most recent cases that have come out have only strengthened what Peter's decision came out. The Supreme Court has uniformly found that a supervisor cannot take on the nondelible duties. They can't be tasked with those nondelible duties. I think the McComb decision is particularly relevant in this case. There, again, you have a supervisor who ordered their employee to continue making deliveries despite the fact that there was a storm pending. When the employee called in and said that there was ice on his windshield, that he wasn't able to keep his he needed to continue with his deliveries. Again, how they dealt with in McComb, Connor, Evans, Fogarty with that temporal element is they dealt with it under a foreseeability test. What the court found is that if you have an employee working in an environment in a Midwest city where they know that severe storms can come through, then they would have to anticipate the situation where an employee would be placed in a situation of potentially having to work in that environment. Also, that they would have to understand that a supervisor could make the wrong call. By a supervisor making the wrong call, he does not subsume the nondelible duty of the employer. That's what the Supreme Court has found. They have found it in six cases, Peters, Parr, Fogarty, Connor, McComb, and now I've forgotten Evans, which is part of the Connors decision. Counsel, your opponent says all the injuries occurred between 2005 and 2012 in those cases, not after 2012. What do you say to that? Again, what we have now with the 2012 is an added protection of immunity through the statute. It does not eliminate the need for them to come up with a common law duty. They still have to meet a common law duty element if they are allowed to. Has the Supreme Court said that plainly yet? The Supreme Court has not. Actually, the Brock v. Dunn decision is the first time that it has been brought up. However, it's not as though the Supreme Court, when they ruled on Peters, when they ruled on these other cases, were unfamiliar with the statute, did not see that these things were coming. Peters, I think if you read the Peters decision, they clearly forecast the fact that they are anticipating this question and that they are ruling in the favor of continued common law liability. Thank you very much. Any other questions before we? Seeing no other questions, thank you for your argument. Mr. Presley. Briefly, Your Honor. So duty in Missouri is a function of foreseeability. And as the circumstances in Brock, which even though that decision in its holding is not binding, I think the reasoning of the court is interesting because they evaluate foreseeability both in terms of what's foreseeable to the employer and what's foreseeable to the co-employee. And what they said in Brock basically was that it's unforeseeable for an employer to think that like here Jeff Richardson would order an individual who's suffering from heat exhaustion to continue working or be fired in direct contravention of all of the existing safety policies as well as just a common law duty that we owe as individuals to each other to prevent others from harm when we're in a position to control that. And that goes to the transitory risk. And because of that, it is foreseeable to the co-employee supervisor and it is unforeseeable to the employer. And that was the tenet of Brock that we're still awaiting guidance on. And so as it relates to duty, common law duty does exist. And in fact the statutory exception under the 2012 amendment is very clear about what type of conduct is required to impose liability on a co-employee in the face of the statutory now very liberal grant of immunity. And so for those reasons, it's still an issue that this case should be remanded. Jeff Richardson was a valid defendant at the time. He was central to this controversy in a disputed area of law and Judge Limbaugh should have sent it back to Butler County. This court has the ability to do exactly that and to pick up right where we left off and right where we should have been. In addition, this court should reverse the previous orders both granting immunity to Townsend Corporation or granting them summary judgment because of the claims made under 324A. And lastly, as it relates to Townsend, Judge Limbaugh should have properly exercised his jurisdiction and had the determination on the affirmative defense of immunity as it relates to Townsend Tree so that we could have put on evidence and briefed the law properly on that issue before. Thank you, Your Honor. Thank you for your argument. Counsel, thank you all for your arguments. Case number 18-2908 is submitted for decision. That concludes our calendar for the morning.